MR. JUSTICE SHEEHY,
dissenting:
I dissent on two grounds, (1) the majority analysis of § 46-15-324(3), MCA, is incomplete, and (2) the testimony of the police officer regarding danger to the informants is vague and imprecise, as it relates to the defendant Annette Babella.
First the statute. It has two subsections (a) and (b) as set out in the majority opinion. The subsections are connected with the conjunction “and.” To gain the nondisclosure of information, because of the conjunction, the State must show (1) substantial risk, and (2) the constitutional rights of the accused are not infringed. The majority opinion discusses the first prong but fails utterly to examine the infringement of Babella’s constitutional rights, including the right to meet her accusers face-to-face, and the right to prepare a defense.
Second, the purported risk to the informers. The testimony of Officer Wicks speaks vaguely and arcanely of a “habit” based on one incident unconnected to Babella. He testified that she spoke of police activity to “some Mexicans in town” who told her “they would handle the problem.” Nothing in those statements reflects any danger to hidden witnesses or informers, unless we assume that “Mexicans” as a class are dangerous, and that in “handling” the problem, the Mexicans meant violence. At most, the supposed danger is speculation, if the testimony is all the State has.
I would affirm the District Court.
MR. JUSTICE HUNT concurs in the dissent.